UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHAD L, | CASE NO. 3:18-cv-5433 RSL-JRC |
| Plaintiff, | |
| | REPORT AND RECOMMENDATION |
| v. | ON PLAINTIFF'S COMPLAINT |
| | |
| NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations, | NOTING DATE: March 15, 2019 |
| Defendant. | |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. *See* Dkts. 10, 11, 12.

After considering and reviewing the record, the Court finds that the ALJ did not give germane reasons supported by substantial evidence for rejecting the opinion of Nurse Russell-Wilson. Contrary to the ALJ's assertion that the opinion was not based on clinical findings, it is clear from the record that the opinion was based on an x-ray and range of motion exam. The

1    ALJ's assertion that the opinion was not consistent with other evidence in the record was not

2    based on substantial evidence because Nurse Russell-Wilson's opinion was based on the most

3    recent x-ray, which the other sources did not have the opportunity to review.

4        Accordingly, this Court recommends that this matter be remanded for further

5    consideration pursuant to sentence four of 42 U.S.C. § 405(g).

6

7                                    PROCEDURAL HISTORY

8        Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42

9    U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following

10   reconsideration. AR. 146, 158.  Plaintiff's requested hearing was held before Administrative Law

11   Judge Rudolph Murgo ("the ALJ") on January 23, 2017. AR. 86. On March 14, 2017, the ALJ

12   issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to

13   the Social Security Act. AR. 21.

14       On March 30, 2018, the Appeals Council denied plaintiff's request for review, making

15   the written decision by the ALJ the final agency decision subject to judicial review. AR. 1; *see*

16   20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's

17   written decision in June, 2018. Dkt. 4.  Defendant filed the sealed administrative record

18   regarding this matter ("AR.") on September 24, 2018. Dkt. 8.

19

20                                        BACKGROUND

21       Plaintiff, Chad L., was born in 1969 and was 46 years old on the alleged disability onset

22   date of March 23, 2015. AR. 159.  Plaintiff has a high school education and no past relevant

23   work experience. AR. 32. At the time of the hearing, plaintiff was living with friends.

24

1    According to the ALJ, plaintiff has at least the severe impairments of obesity, bilateral

2    degenerative joint disease in the knees, lumbar degenerative disc disease, diabetes mellitus, and

3    hypertension. AR. 27.

4

5    STANDARD OF REVIEW

6    Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

7    social security benefits if the ALJ's findings are based on legal error or not supported by

8    substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

9    Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

10

11    DISCUSSION

12    In plaintiff's Opening Brief, plaintiff raises the issue of whether the ALJ erred by

13    improperly rejecting the opinion of Nurse Russell-Wilson, ARNP. Dkt. 10, p. 1, 3-4.  Nurse

14    Russell-Wilson submitted a functional assessment stating that plaintiff is severely limited from

15    chronic knee pain, low back pain, and morbid obesity. AR. 404.  The ALJ gave no weight to this

16    opinion because it was "not consistent with or supported by the medical evidence[,]" and

17    because it is "not accompanied by or supported by medical signs and clinical findings." AR. 32.

18    The ALJ proffered two additional reasons for rejecting this opinion, which defendants have

19    conceded are not germane. Dkt. 11, p. 7; AR. 32.

20    Pursuant to the relevant federal regulations, in addition to "acceptable medical sources,"

21    that is, sources "who can provide evidence to establish an impairment," 20 C.F.R. § 404.1513

22    (a), there are "other sources," such as friends and family members, who are defined as "other

23    non-medical sources" and "other sources" such as nurse practitioners, physician assistants,

24

therapists and chiropractors, who are considered other medical sources. *See* 20 C.F.R. § 404.1513 (d); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (citing 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by both types of "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so.'" *Turner*, 613 F.3d at 1224 (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). Additionally, all findings made by the ALJ must be based on substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).

The ALJ's statement that Nurse Russell-Wilson's assessment is not supported by clinical findings and medical signs is factually inaccurate. The assessment is accompanied by an x-ray (AR. 408), and a range of motion evaluation (AR. 406). The ALJ discusses the right knee x-ray in his analysis, and it is unclear why he later stated that the decision was not accompanied by clinical findings. AR. 32. The assessment also shows that plaintiff has reduced range of motion in his right knee. AR. 406. Therefore, the ALJ's finding that Nurse Russell-Wilson's assessment is not accompanied by clinical findings is not based on substantial evidence.

The ALJ also asserts that Nurse Russell-Wilson's assessment is not consistent with other medical evidence. AR. 406. Nurse Russell-Wilson's assessment is based in part on an x-ray that was taken on July 29, 2016. AR. 408. All other medical opinions were from August 2015 or earlier and those providers did not have the benefit of reviewing the newest objective evidence in plaintiff's file. Therefore, the reason this medical source may have reached a different conclusion than previous medical sources is that she had access to additional material information not available to the others. This increases, rather than decreases, the probative value of the opinion.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 4

The Commissioner notes that in some circumstances, an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,' including the medical opinion of a treating source." 2006 SSR LEXIS 5 at *12-*13.  Such is the case when an "other" source possesses the most current objective evidence in a plaintiff's file, which other sources did not have the opportunity to review.  Under these circumstances, the alleged inconsistency with other opinions is not based on substantial evidence.

Also of importance is that plaintiff was unrepresented at his hearing.  If a social security claimant is not represented by counsel, it is incumbent on "'the ALJ to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts[, and] be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited.'" *Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992) (per curiam) (quoting *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978)) (other citations omitted). The ALJ states that the 2016 x-ray "revealed degenerative changes involving patellofemoral articulation with large marginal spurring, [b]ut no large fluid suspected in the knee joint; no significant joint space narrowing and no evidence of acute abnormality appreciated radiographically []." AR. 32. However, the ALJ fails to note that the degenerative changes are "advanced," and omits from his analysis that the x-ray also shows that there is significant bony irregularity in the proximal tibia, cortical irregularities in the proximal tibia anteriorly, and diffuse osteopenia. AR. 408. It appears from the written decision that the ALJ minimized the x-ray findings that indicate a greater level of severity, while highlighting the findings that were within normal limits. The ALJ is responsible for resolving discrepancies in the record, but must explain why his own interpretations, rather than those of the doctors, are correct. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

1    In determining whether or not an ALJ error is harmless, the Ninth Circuit noted that "in

2   each case we look at the record as a whole to determine [if] the error alters the outcome of the

3   case." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner,*

4   *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Had the

5   ALJ not rejected Nurse Russell-Wilsons' opinion, additional limitations may have been added to

6   the RFC, which may have led to a different disability determination. Moreover, the submission

7   of material evidence that was not reviewed by the medical sources the ALJ relied on in reaching

8   his decision casts doubt on the weight of evidence assigned to those opinions. However, these

9   are factual issues to be determined by the ALJ, and therefore, remand for further consideration is

10  the appropriate remedy. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (An award of

11  benefits is only proper if "there are no outstanding issues that must be resolved[.]") (quoting

12  *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

13

14                                    CONCLUSION

15     Based on these reasons, and the relevant record, the undersigned recommends that this

16  matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to

17  the Acting Commissioner for further proceedings consistent with this Report and

18  Recommendation.  **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

19     Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

20  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

21  6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

22  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

23

24

1    imposed by Rule 72(b), the clerk is directed to set the matter for consideration on March 15,

2    2019, as noted in the caption.

3        Dated this 25th day of February, 2019.

4

5

6

7    J. Richard Creatura
     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 7